IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

**THE SATANIC TEMPLE,**

       Plaintiff,

v.                                          **Case No:**_____

**CITY OF BELLE PLAINE, MINNESOTA**;
Councilman **CARY COOP**, individually and
as City Council Member of the City of Belle Plaine, MN;
Councilwoman **THERESA MCDANIEL**, individually
and as City Council Member of the City of Belle Plaine, MN;
Councilman **BEN STIER**, individually and as
City Council Member of the City of Belle Plaine, MN;
Councilman **PAUL CHARD**, individually and
as City Council Member of the City of Belle Plaine, MN; and,
Mayor **CHRISTOPHER MEYER**, individually and
as Mayor of the City of Belle Plaine, MN,

       Defendants.

_____ /

## COMPLAINT

**NOW COMES** Plaintiff, The Satanic Temple ("TST"), through its undersigned attorneys, and hereby files this Complaint alleging violations of the United States Constitution, federal statutes, and state law against the City of Belle Plaine, Minnesota (hereinafter "Belle Plaine"), and Councilman Cary Coop, Councilman Ben Stier, Councilman Paul Chard, former Councilwoman Theresa McDaniel and Mayor Christopher Meyer (hereinafter "individual person Defendants").  Plaintiff's claims arise under the United States Constitution and 42 U.S.C. §1983 for deprivation of constitutional rights under color of state law; under the Religious Land Use and

Institutionalized Persons Act of 2000, Pub. L. 106–274, codified as 42 U.S.C. § 2000cc *et seq*.; and under the Minnesota State Constitution, Article I, Sec. 2, {Sec. 11}  and Sec. 16, and under state law for breach of contract and promissory estoppel.  Plaintiff alleges as follows:

## SUBJECT MATTER JURISDICTION

1.      This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the Constitution and 42 U.S.C. §1983 for constitutional violations under color of state law and under 42 U.S.C. 2000cc.  This Court possesses supplemental jurisdiction over Plaintiff's breach of contract and promissory estoppel claims and state constitutional claims pursuant to 28 U.S.C. 1367 (a) because the state law claims are so related to federal claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## PERSONAL JURISDICTION

2.      This Court enjoys personal jurisdiction over the Defendants because their challenged conduct violating Plaintiff's federal and state constitutional rights, federal statutory rights, and violations of state law occurred in Minnesota where Defendants work and reside.

## VENUE

3.      Venue in this District is proper under 28 U.S.C. §1391 (b) because the events that gave rise to Plaintiff's claims arose in this District and Defendants reside here.

## PARTIES

4.   Plaintiff TST is a Massachusetts church organized under section 501 (c) (3) of the Internal Revenue Code.  It holds weekly religious services at its headquarters in Salem, Massachusetts.

5.   TST's adherents do not believe in any supernatural beings, including the Devil, and do not worship Satan or believe in magic. TST adherents believe in reason, empathy, and the pursuit of knowledge. TST's religious tenets are sevenfold:

(1)   One should strive to act with compassion and empathy towards all creatures in accordance with reason;

(2)   The struggle for justice is an ongoing and necessary pursuit that should prevail over laws and institutions;

(3)   One's body is inviolable, subject to one's own will alone;

(4)   The freedoms of others should be respected, including the freedom to offend.  To willfully and unjustly encroach upon the freedoms of another is to forgo your own;

(5)   Beliefs should conform to our best scientific understanding of the world. We should take care never to distort scientific facts to fit our beliefs;

(6)   People are fallible.  If we make a mistake, we should do our best to rectify it and resolve any harm that may have been caused; and,

(7)   Every tenet is a guiding principle designed to inspire nobility in action and thought.  The spirit of compassion, wisdom, and justice should always prevail over the written or spoken word.

6.   Defendant Belle Plaine is an incorporated City located in Scott County, Minnesota and is *sui generis*. It was incorporated as a City in 1974.  The City Council is the governing authority for Belle Plaine and consists of the Mayor and four Councilpersons elected at-large.

7.    Defendant Christopher G. Meyer is an individual person, *sui generis*, and was the Mayor of Belle Plaine at all times relevant to Plaintiff's claims.

8.    Defendant Ben Stier is an individual person, *sui generis*, and was a member of the Belle Plaine City Council at all times relevant to Plaintiff's claims.

9.    Defendant Cary Coop is an individual person, *sui generis*, and was a member of the Belle Plaine City Council at all times relevant to Plaintiff's claims.

10.   Defendant Paul Chard is an individual person, *sui generis*, and was a member of the Belle Plaine City Council at all times relevant to Plaintiff's claims.

11.   Defendant Theresa McDaniel is an individual person, *sui generis*, and was a member of the Belle Plaine City Council at all times relevant to Plaintiff's claims.

12.   All individual person Defendants, save for Theresa McDaniel, are sued in both their individual and official capacities. Ms. McDaniel is sued in only her individual, non-official capacity.

## FACTS

13.   On February 2, 2017, the Belle Plaine City Council, by a vote of 3-1, enacted Resolution 17-020 (hereinafter "enacting Resolution") entitled: "**ESTABLISHING A POLICY REGARDING A LIMITED PUBLIC FORUM IN VETERANS MEMORIAL PARK.**" See Exhibit "1" attached to the Complaint hereto.

14.   Among other things, the enacting Resolution explained in "WHEREAS" clauses that "the Council wishes to allow private parties access to Veterans Memorial Park for the purpose of erecting displays keeping with the purpose of honoring and memorializing veterans;"  and, that "the Council now desires to adopt this formal, written policy to

codify the procedure for private parties to recognize, honor, and memorialize veterans by erecting displays at Veterans Memorial Park." See Exhibit "1".

15.     WHEREAS clause 7 of the enacting Resolution stated that "the Council accepts as binding the applicability of general principles of law and all the rights and obligations afforded under the United States and Minnesota Constitutions." See Exhibit "1".

16.     The body of the enacting Resolution contained thirteen (13) paragraphs. See Exhibit "1".

17.     Paragraph 1 of the enacting Resolution declared: "The City designates a limited public forum in Veterans Memorial Park for the express purpose of allowing individuals or organizations to erect and maintain privately owned displays that honor and memorialize living or deceased veterans, branch of military and Veterans organizations affiliated with Belle Plaine." See Exhibit "1".

18.     Paragraph 3 of the enacting Resolution stipulated that interested parties submit applications to the City Administrator to erect a display within the limited public forum with a prescribed application fee. See Exhibit "1".

19.     Paragraph 4 of the enacting Resolution set forth the boundaries of the limited public forum, specifications for placements of the displays, and a requirement that applicants describe the display, including its dimensions and construction materials. See Exhibit "1".

20.     Paragraph 5 of the enacting Resolution stipulated the display dimensions, construction materials, aesthetics, and fidelity to the purpose of honoring veterans, a

branch of the military, or Veterans organizations affiliated with Belle Plaine that must be satisfied to receive a display permit. See Exhibit "1".

21.     Paragraph 7 of the enacting Resolution limited the duration of approved displays to one year, with an option of reapplication. See Exhibit "1".

22.     Paragraph 8 of the enacting Resolution placed the burden of display upkeep and repair on the applicant. See Exhibit "1".

23.     Paragraph 9 of the enacting Resolution required the applicant to carry liability coverage of $1,000,000 and to list the City as an additional insured. See Exhibit "1".

24.     Paragraph 10 of the enacting Resolution required the owner of the display to repair any damage or disrepair within 30 days of notice by the City Administrator. See Exhibit "1".

25.     Paragraphs 11 and 12 of the enacting Resolution dissociated the City from the speech of the persons erecting displays in the limited public forum. See Exhibit "1".

26.      Paragraph 13 of the enacting Resolution provided that display permits could be terminated on ten days' written notice by the City Administrator "[i]n the event the City desires to close the limited public forum or rescind this policy." See Exhibit "1".

27.     In August 2016, a statute depicting a kneeling soldier before a Christian cross, known locally as "Joe", was erected by the Belle Plaine Veterans Club and placed in Veterans Memorial Park, a Belle Plaine public park.

28.     The "Joe" memorial display was removed six (6) months later after Belle Plaine was threatened with litigation to remove the display on public property because it violated the Establishment Clause of the First Amendment.  On April 8, 2017, the soldier

and cross were erected again and placed on display in the limited public forum pursuant to the enacting resolution.

29.     In reasonable reliance on the enacting Resolution, Plaintiff submitted an application on February 23, 2017, to erect a Veterans Memorial display in conformity with Belle Plaine's multiple requirements. Among other things, Plaintiff's proposed Veterans Memorial display included a plaque reading: "In honor of Belle Plaine veterans who fought to defend the United States and its Constitution." See approved design depiction attached hereto as Exhibit "3", attached. Plaintiff's application was approved on March 29, 2017 by City Administrator Michael J. Votca.  Plaintiff received a permit number LPF 17-02, attached hereto as Exhibit "2", to use the Park property for its display valid for one year.

30.     On June 29, 2017, Plaintiff alerted the City Administrator that its veteran's memorial monument, as depicted in attached Exhibit "3", was complete and asked for assistance in its installation, which was agreed to.  Plaintiff has expended substantial sums in the design and construction of its display in reliance on the enacting Resolution and also obtained a ONE MILLION DOLLAR ($1,000,000.00) per occurrence liability insurance policy for the TST veteran's memorial monument, as required by the Defendants. See Exhibit "4".

31.     On July 17, 2017, after completion of the memorial and just prior to installation of Plaintiff's display honoring Belle Plaine veterans, Defendants voted unanimously to pass Resolution 17-090 (hereinafter "rescission Resolution", attached hereto as Exhibit "5"), which rescinded the February 21, 2017, enacting Resolution.

32.     At the time the rescission Resolution was approved, two (2) permits for the erection of displays in the Park's limited public forum honoring veterans or a military service had been granted.  The first permit was granted to the Belle Plaine Veterans Club. Pursuant to the permit, the Veterans Club re-installed the Veterans Memorial display monument known as "Joe." The second permit was issued to Plaintiff TST. See attached Exhibit "2".  The latter's display had yet to be installed.  The monument known as "Joe," was installed on April 8, 2017, and was voluntarily removed more than three months later, July 14, 2017- prior to the rescission Resolution.

33.     During the approximately 100 days that the Belle Plaine Veterans Club's Veterans Memorial display, "Joe", was erected in what became the Belle Plaine Veterans Memorial Park public park's limited public forum, there had been no vandalism; there had been no safety problems; there had been no complaints that the display was impairing the serenity and decorum of the Park; there was no evidence that administering the limited public forum was burdening City staff and law enforcement; and, there were no complaints that the limited public forum was negatively impacting the public's health, safety and welfare.

34.     Defendants surreptitiously urged the Belle Plaine Veterans Club to dismantle its display in advance of their rescission Resolution to make it more politically palatable with a veneer of evenhandedness.

35.     The fifth WHEREAS clause of the rescission Resolution stated that "the City Council has determined that allowing privately-owned memorials of displays in its Park no longer meets the intent or purpose of the Park."  The statement did not reference any

event or use of the Park or new information since its enacting Resolution approximately five months earlier that precipitated the City Council's *volte-face*. See Exhibit "5", attached.

36.    The sixth WHEREAS clause in the rescission Resolution stated that "the City Council has also determined that the continuation of the limited public forum may encourage vandalism in the Park, reduce the safety, serenity, and decorum of the Park, unnecessarily burden City staff and law enforcement, and negatively impact the public's health, safety and welfare." See Exhibit "5", attached.

37.    When the rescission Resolution was adopted, the number of displays in the Park's limited public forum was zero.

38.    When the rescission Resolution was adopted five months after the enacting Resolution and with 100 days experience with the Vets display of "Joe," the City Council possessed neither direct nor circumstantial evidence or even plausible speculation that the Park's limited public forum encouraged vandalism, reduced the safety, serenity, and decorum of the Park, unnecessarily burdened City staff and law enforcement, and negatively impacted the public's health, safety and welfare.

39.    No law enforcement official stated that the limited public forum created by the enacting Resolution unnecessarily burdened law enforcement.

40.    The reasons advanced by Defendants for the rescission Resolution terminating the limited public forum and preventing Plaintiff's display honoring veterans were counterfactual.   They were pretexts to discriminate against Plaintiff exclusively or

significantly because of its religious or other viewpoints or because of community antagonism towards Plaintiff that had awakened public controversy.

41.     Defendant Belle Plaine explained the genuine as opposed to pretextual reason for the rescission Resolution in a press release dated July 18, 2017.  It stated that the Park's limited public forum had been terminated because of free speech controversy between religious and non-religious communities that had attracted regional and national attention, promoted divisiveness among residents of Belle Plaine, and portrayed the City in a negative light.   The press release made no reference to vandalism, concerns about safety, burdening City staff or law enforcement, or impairing public health or welfare.

42.     Defendants' rescission Resolution retroactively terminated Plaintiff's permit authorizing erection of the display in the limited public forum for one year.

43.     At all times relevant to this Complaint, Belle Plaine and the individual person Defendants were acting under the color of state law.

44.     All conditions precedent to the filing of this action have been performed, have occurred or have been waived by Defendants.

45.     TST has been required to obtain the services of the undersigned attorneys to prosecute this matter on its behalf and has agreed to pay them a reasonable fee for their services.  As such, Plaintiff TST is entitled to its reasonable costs and attorneys' fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. §1988, and as otherwise awardable pursuant to applicable law.

## COUNT I - VIOLATION OF FREE EXERCISE CLAUSE

46.     Plaintiff realleges and incorporates by reference the allegations contained in

Paragraphs 1 - 45, above, as though fully set forth herein.

47.    Defendants' motivation for enacting the rescission Resolution and terminating Plaintiff's permit to erect a display that honored veterans was significantly or exclusively because of Plaintiff's religious beliefs in violation of Plaintiff's clearly established First Amendment right to the free exercise of religion of which a reasonable person would have known.

48.    The First Amendment of the United States Constitution, as incorporated through the Fourteenth Amendment, prohibits a state or any political subdivision thereof from prohibiting the free exercise of religion (the "Free Exercise Clause").

49.    In committing the acts alleged above, the City of Belle Plaine, Minnesota, and the individual person Defendants: Councilman Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher Meyer, each in their individual and official capacities, and former Councilwoman Theresa McDaniel, in her individual capacity, were all acting under color of state law.

50.    The actions of Belle Plaine, and the individual person Defendants have each violated and, save for Councilwoman Theresa McDaniel who is no longer in office, continue to violate Plaintiffs' rights under the Free Exercise Clause by imposing a substantial burden upon the religious exercise of Plaintiff TST and by intentionally discriminating against Plaintiff on the basis of religious belief.

51.    A substantial burden has been imposed though discriminatory and arbitrary revocation/denial/rescission of Plaintiff's previously approved application to construct a veteran's memorial at Veterans Memorial Park, a Belle Plaine public park via the

rescission Resolution.

52.     Defendants discriminated against Plaintiff TST because of animus towards Plaintiff's religion.

53.     Defendants' violation caused damage to Plaintiff in the form of money spent in designing and constructing its display for the limited public forum and otherwise and the intangible value of the free exercise of religion without discrimination.

54.     Plaintiff is entitled to injunctive relief from Defendants Belle Plaine, Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher Meyer, all acting in their official capacities.

55.     Defendants Belle Plaine and the individual person Defendants: Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, Councilwoman Theresa McDaniel and Mayor Christopher Meyer, all acting in their individual and non-official capacities, are liable to Plaintiff for damages in an amount not less than $50,000.00, or such amount as to be determined at the trial of this cause and such other and further relief as is deemed just and proper.

56.     Defendants are liable to Plaintiff for attorneys' fees, costs, and interest.


## COUNT II - VIOLATION OF FREE SPEECH

57.     Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 - 56, above, as though fully set forth herein.

58.     The First Amendment of the United States Constitution guarantees Plaintiff TST the right to free speech and association.

59.     The actions of Belle Plaine, and the individual person Defendants have each violated and, save for Councilwoman Theresa McDaniel who is no longer in office, continue to violate Plaintiffs' rights under the First Amendment of the United States Constitution.

60.     The Defendants either intentionally, recklessly, or with callous indifference to the federally protected rights of the Plaintiff TST have threatened, silenced, or chilled Plaintiff TST's rights to freedom of speech and association by enacting the improper rescission Resolution, which constitutes adoption of policies prohibiting Plaintiff's protected viewpoint and free speech rights.

61.     Defendants' motivation for enacting the rescission Resolution and terminating Plaintiff's permit to erect a display that honored veterans was significantly or exclusively because of Plaintiff's controversial but constitutionally protected religious viewpoints in violation of Plaintiff's clearly established First Amendment right prohibiting viewpoint discrimination by government of which a reasonable person would have known.

62.     The Defendants' actions caused irreparable harm to the federally protected rights of the Plaintiff to freedom of speech and association, and served to harass, threaten, silence, and chill these constitutional rights.

63.     An actual live controversy exists between the Plaintiff TST and the Defendants in which the parties have genuine and opposing interests that are direct and substantial and of which a judicial determination will be final and conclusive.

64.     Defendants' violations have caused damage to Plaintiff in the form of money expended in designing and constructing its display for the limited public forum and

otherwise and in deprivation of the intangible value of the exercise of free speech without viewpoint discrimination.

65.    Plaintiff is entitled to injunctive relief from Defendants Belle Plaine, Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher Meyer, all acting in their official capacities.

66.    Defendants Belle Plaine and the individual person Defendants: Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, Councilwoman Theresa McDaniel and Mayor Christopher Meyer, all acting in their individual and non-official capacities, are liable to Plaintiff for damages in an amount not less than $50,000.00, or such amount as to be determined at the trial of this cause and such other and further relief as is deemed just and proper.

67.    Defendants are liable to Plaintiff for attorneys' fees, costs, and interest.

## COUNT III-VIOLATION OF EQUAL PROTECTION

68.    Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 - 67, above, as though fully set forth herein.

69.    Defendants directly or indirectly deprived Plaintiff TST of the equal protection of the laws, including but not limited to the due process clause of the Fourteenth Amendment to the United States Constitution and common law contract laws, because of Plaintiff's controversial but constitutionally protected religious viewpoints.

70.    Defendants' motivation for enacting the rescission Resolution and terminating Plaintiff's permit to erect a display that honored veterans was significantly or exclusively to inflict harm on a politically unpopular group, i.e., Plaintiff, in violation of Plaintiff's

clearly established equal protection right under the Fourteenth Amendment to be free of invidious or unjustified discrimination of which a reasonable person would have known.

71.  Defendants' violation caused damage to Plaintiff in the form of money expended in designing and constructing its display for the limited public forum and otherwise and the intangible value to be free from invidious or unjustified government discrimination under the Fourteenth Amendment.

72.  Plaintiff is entitled to injunctive relief from Defendants Belle Plaine, Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher Meyer, all acting in their official capacities.

73.  Defendants Belle Plaine and the individual person Defendants: Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, Councilwoman Theresa McDaniel and Mayor Christopher Meyer, all acting in their individual and non-official capacities, are liable to Plaintiff for damages in an amount not less than $50,000.00, or such amount as to be determined at the trial of this cause and such other and further relief as is deemed just and proper.

74.  Defendants are liable to Plaintiff for attorneys' fees, costs, and interest.


## COUNT IV-VIOLATION OF CONTRACT CLAUSE

75.  Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 - 74, above, as though fully set forth herein.

76.  Plaintiff's permit to erect a display that honored veterans in the limited public forum for one year constituted a contract with Defendant City of Belle Plaine, Minnesota

protected from impairment by the Contracts Clause of the United States Constitution, Article I, section 10, clause 1.

77.     In violation of the constitutional Contracts Clause cited above, Defendant City of Belle Plaine retroactively rescinded Plaintiff's permit, a copy of which is attached hereto as Exhibit "2" without advancing any legitimate state interest and contrary to Defendant's pledge to follow the United States Constitution.

78.     Defendants' violation caused damage to Plaintiff in the form of money expended in designing and constructing its display for the limited public forum and otherwise and the intangible value to be free from a Contract Clause violation.

79.     Plaintiff is entitled to injunctive relief from Defendants Belle Plaine, Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher Meyer, all acting in their official capacities.

80.     Defendants Belle Plaine and the individual person Defendants: Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, Councilwoman Theresa McDaniel and Mayor Christopher Meyer, all acting in their individual and non-official capacities, are liable to Plaintiff for damages in an amount not less than $50,000.00, or such amount as to be determined at the trial of this cause and such other and further relief as is deemed just and proper.

81.     Defendants are liable to Plaintiff for attorneys' fees, costs, and interest.

## COUNT V-VIOLATION OF RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000

82.     Plaintiff realleges and incorporates by reference the allegations contained in

Paragraphs 1 - 81, above, as though fully set forth herein.

83.     Section 2(a) of Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §2000cc(a)(1) ("RLUIPA") prohibits any government from imposing or implementing land use regulations in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest.

84.     Defendants' rescission of the enacting Resolution imposed a substantial burden on Plaintiff's free exercise of religion and discriminated against Plaintiff on the basis of religion in the implementation of a land use regulation of a public park was neither in furtherance of a compelling government interest nor the least restrictive means of furthering that compelling interest in violation of the RLUIPA.

85.     Defendants have deprived and continue to deprive Plaintiff of their rights to free exercise of religion, as secured by RLUIPA, by imposing and implementing land use regulations that place a substantial burden on their religious exercise without a compelling governmental interest and without using the least restrictive means of achieving any interest.

86.     Section 2(b)(2) of RLUIPA, 42 U.S.C. § 2000cc(b)(2), prohibits any government from imposing or implementing land use regulations in a manner that discriminates against any assembly or institution on the basis of religion or religious denomination.

87.     Defendants have violated RLUIPA, by implementing land use regulations in a

manner that intentionally discriminates against Plaintiffs on the basis of religion. Specifically, Defendants exercised their land use powers to approve TST's application, permit number LPF 17-02, see Exhibit "2",  then revoke or deny Plaintiff's permit, se Exhibit "5", knowing that Plaintiff had completed and financed its previously and lawfully approved veteran's memorial because it would have been a Satanic Temple memorial and on the basis of community opposition grounded in anti-Satanist animus.

88.    Section 2(b)(3)(B) of RLUIPA prohibits any government from imposing or implementing land use regulations in a manner that unreasonably limits religious assemblies, institutions, or structures within a jurisdiction.

89.    Defendants have violated RLUIPA, by imposing and implementing a land use regulation, *to wit*, Resolution 17-090, the rescission Resolution, attached as Exhibit "5", which revised/rescinded Resolution 17-020, attached hereto as Exhibit "1".

90.     The rescission Resolution provision unreasonably limits religious assemblies, institutions, or structures within the City of Belle Plaine in violation of Section 2(b)(2) of RLUIPA, 42 U.S.C. § 2000cc(b)(2).

91.    Plaintiff has a private right of action to enforce violations of section 2000cc under 42 U.S.C. §2000cc-2.

92.    Defendants' violation of the RLUIPA caused damage to Plaintiff in the form of money expended in designing and constructing its display for the limited public forum and otherwise and the intangible value to be free from religious discrimination.

93.    Plaintiff is entitled to injunctive relief from Defendants Belle Plaine, Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher

Meyer, all acting in their official capacities.

94.    Defendants Belle Plaine and the individual person Defendants: Councilman, Cary

Coop, Councilman Ben Stier, Councilman Paul Chard, Councilwoman Theresa McDaniel

and Mayor Christopher Meyer, all acting in their individual and non-official capacities,

are liable to Plaintiff for damages in an amount not less than $50,000.00, or such amount

as to be determined at the trial of this cause and such other and further relief as is deemed

just and proper.

95.    Defendants are liable to Plaintiff for attorneys' fees, costs, and interest.

### COUNT VI - BREACH OF CONTRACT

96.    Plaintiff realleges and incorporates by reference the allegations contained in

Paragraphs 1 - 95, above, as though fully set forth herein.

97.    Plaintiff TST and Defendants entered into a contractual agreement whereby

Plaintiff TST applied for a permit to erect a veteran's memorial display in Belle Plaine's

Veterans Memorial Park.

98.    Plaintiff TST applied for the permit, submitted plans and specifications for

approval and paid the permit fee in consideration of the contractual agreement as between

Plaintiff TST and Defendants.

99.    Defendants approved Plaintiff's plans and issued a permit to Plaintiff to erect a

display that honored veterans in a limited public forum, permit number LPF 17-02.  See

Exhibit "2".

100.   Plaintiff performed all conditions precedent to installing the veteran's memorial

display in the limited public forum pursuant to permit number LPF 17-02 and fully

complied with its contractual obligations with Defendants.

101.    Defendants unlawfully and without justification or excuse breached the permit contract with Plaintiff via the rescission Resolution, which prohibited Plaintiff from installing its display in the limited public forum, notwithstanding that the display had been fully funded, insured and completed at the time of the breach. See Exhibits "3", "4" and "5".  Among other things, Defendants violated their contractual promise to obey the United States Constitution.

102.    Defendants' breaches caused damage to Plaintiff in the form of breach of contract damages, including but not limited to costs of performance, expenses, fees and money expended in designing and constructing its veteran's memorial display for the limited public forum and otherwise.

103.    Plaintiff is entitled to injunctive relief from Defendants Belle Plaine, Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher Meyer, all acting in their official capacities.

104.    Defendants Belle Plaine and the individual person Defendants: Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, Councilwoman Theresa McDaniel and Mayor Christopher Meyer, all acting in their individual and non-official capacities, are liable to Plaintiff for damages in an amount not less than $50,000.00, or such amount as to be determined at the trial of this cause and such other and further relief as is deemed just and proper.

105.    Defendants are liable to Plaintiff for attorneys' fees, costs, and interest.

### COUNT VII - PROMISSORY ESTOPPEL

106.    Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 - 103, above, as though fully set forth herein.

107.    Defendants made a clear and definite promise to Plaintiff in issuing TST permit to erect a display that honors veterans in a limited public forum.  See Exhibit "2".

108.    Defendants intended to and in fact induced Plaintiff to rely on that promise in obtaining a permit and designing and constructing a veteran's memorial of approved design that honored veterans in a limited public forum.

109.    Plaintiff detrimentally relied on the Defendants' promise and expended financial resources, time and talent to design and construct the approved veteran's memorial display in full performance of its obligations to Defendants.

110.    Defendants' violated their promise and breached their contractual agreement with Plaintiff by passing the rescission Resolution that prohibited Plaintiff from installing its display in the limited public forum. See Exhibit "5", attached.

111.    Enforcement of Defendants' promise is required to prevent an injustice, including but not limited to money damages for expenses reasonably incurred in designing and constructing Plaintiff's veterans memorial display.

112.    Plaintiff is entitled to injunctive relief from Defendants Belle Plaine, Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher Meyer, all acting in their official capacities.

113.    Defendants Belle Plaine and the individual person Defendants: Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, Councilwoman Theresa McDaniel and Mayor Christopher Meyer, all acting in their individual and non-official capacities,

are liable to Plaintiff for damages in an amount not less than $50,000.00, or such amount as to be determined at the trial of this cause and such other and further relief as is deemed just and proper.

114.   Defendants are liable to Plaintiff for attorneys' fees, costs, and interest.

## COUNT VIII - MINNESOTA CONSTITUTION - IMPAIRMENT OF CONTRACT

115.   Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 - 114, above, as though fully set forth herein.

116.   Plaintiff's permit number LPF 17-02, authorizing Plaintiff TST to erect a display that honored veterans in the limited public forum of Belle Plaine Veterans Memorial Park for one year constituted a contract with Defendants that is protected from impairment by the Minnesota Constitution, Article I, section 11.

117.   In violation of Article I, section 11 of the Minnesota Constitution, Defendants retroactively rescinded Plaintiff's permit without advancing any legitimate state interest and contrary to Defendant's pledge to follow the Minnesota Constitution.

118.   Defendants' violation caused damage to Plaintiff in the form of breach of contract damages, including but not limited to costs of performance, expenses, fees and money otherwise expended in designing and constructing its display for the limited public forum and otherwise and the intangible value to be free from a violation of the Minnesota Constitution, Article I, section 11.

119.   Plaintiff is entitled to injunctive relief from Defendants Belle Plaine, Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher

Meyer, all acting in their official capacities.

120.   Defendants are liable to Plaintiff for attorneys' fees, costs, and interest.

## COUNT IX - MINNESOTA CONSTITUTION - FREE EXERCISE OF RELIGION

121.   Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 - 120, above, as though fully set forth herein.

122.   Defendants' motivation for enacting the rescission Resolution and terminating Plaintiff's permit to erect a display that honored veterans was significantly or exclusively because of Plaintiff's religious beliefs in violation of the Minnesota Constitution, Article I, section 16.

123.   Defendants' violation has caused damage to Plaintiff in the form of money spent in designing and constructing its display for the limited public forum and otherwise and the intangible value of the free exercise of religion without invidious discrimination.

124.   Plaintiff is entitled to injunctive relief from Defendants Belle Plaine, Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher Meyer, all acting in their official capacities.

125.   Defendants are liable to Plaintiff for attorneys' fees, costs, and interest.

## COUNT X - MINNESOTA CONSTITUTION – FREEDOM OF SPEECH AND ASSOCIATION

126.   Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 - 125, above, as though fully set forth herein.

127.   Article 1 § 3 of the Minnesota Constitution guarantees individuals the right to free speech and association, mandating that: "all persons may freely speak, write and publish

their sentiments on all subjects, being responsible for the abuse of such right."

128.   The Defendants either intentionally, recklessly or with callous indifference to Minnesota's constitutionally protected rights have threatened, silenced, or chilled Plaintiff's rights to freedom of speech and association.

129.   Defendants' motivation for enacting the rescission Resolution and terminating Plaintiff's permit to erect a display that honored veterans was significantly or exclusively because of Plaintiff's controversial but constitutionally protected religious viewpoints in violation of Plaintiff's clearly established Minnesota constitutional free speech rights prohibiting suppression of speech and viewpoint discrimination by government.

130.   The Defendants' policies and actions caused harm to the protected freedom of speech and association rights of Plaintiff TST and served to harass, threaten, silence, and chill these Minnesota constitutional rights.

131.   An actual live controversy exists between the Plaintiff TST and the Defendants in which the parties have genuine and opposing interests that are direct and substantial and of which a judicial determination will be final and conclusive.

132.   Defendants' violation caused damage to Plaintiff in the form of the intangible value of the exercise of free speech without viewpoint discrimination.

133.   Plaintiff is entitled to injunctive relief from Defendants Belle Plaine, Councilman, Cary Coop, Councilman Ben Stier, Councilman Paul Chard, and Mayor Christopher Meyer, all acting in their official capacities.

134.   Defendants are liable to Plaintiff for attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court to enter an order granting the following relief:

a) That the Court determine and enter judgment that the acts and omissions of Defendants, as set forth above, violate the Free Exercise Clause and Free Speech Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Contract Clause of the United States Constitution, 42 U.S.C. 1983, and, the Religious Land Use and Institutionalized Persons Act of 2000, Pub. L. 106–274, codified as 42 U.S.C. § 2000cc *et seq*.;

b) That the Court determine and enter judgment that the acts and omissions of Defendants, as set forth above, constitute a breach of contract and an enforceable contract under the theory of promissory estoppel;

c) That the Court determine and enter judgment that the acts and omissions of Defendants, as set forth above, constitution violations of the Minnesota Constitution, Article I, sections 3, 11 and 16.

d) That the Court order Defendants to permit Plaintiff to erect its display honoring veterans in the Park's limited public forum in accord with the permit issued to Plaintiff on March 29, 2017;

e) That the Court award Plaintiff compensatory damages for the violations of federal and state law, jointly and severally, as to each Defendant in an amount not less than $50,000.00, or such amount as to be determined at trial;

f) That the Court award Plaintiff punitive damages pursuant to 42 U.S.C. §1983, jointly and severally as to the individual person Defendants, with interest;

g) That the Court award Plaintiff attorney's fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. §1988;

h) That the Court award costs of this action to Plaintiff; and,

i) That the Court grant Plaintiff such other and relief which the Court deems just and proper.

Respectfully submitted this 25th day of April 2019.

**<u>Verification and Acknowledgements:</u>**

1) I have read this document. To the best of my knowledge, information and belief the information contained in this document is well grounded in fact and is warranted by existing law.

2) I have not been determined by any court in Minnesota or in any other State to be a frivolous litigant or subject to an Order precluding me from serving and filing this document.

3) I am not serving or filing this document for any improper purpose, such as to harass the other party or to cause delay or needless increase in the cost of litigation or to commit a fraud on the court.

4) I understand that if I am not telling the truth or if I am misleading the court or if I am serving or filing  this document for any improper purpose, the court can order me to pay money to the other party, including the reasonable expenses incurred by the other party because of the serving or filing of this document such as court costs, and reasonable attorney fees.

**PALADIN LAW, PLLC**

By */s/ Larry A. Frost*
Larry A. Frost (#0390227)
5123 West 98th Street, Suite 111
Bloomington, MN  55437
Telephone: (612) 839-5132
*larry.a.frost.atty@comcast.net*

and

Bruce Fein(*Pro Hac Vice Pending)*
W. Bruce DelValle (*Pro Hac Vice Pending*)
FEIN & DELVALLE PLLC
300 New Jersey Avenue NW, Suite 900

Washington, DC  20001
Telephone: (202) 465-8729
*bruce@feinpoints.com*
*brucedelvalle@gmail.com*

**Attorneys for Plaintiff The Satanic Temple.**