**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

**THE SATANIC TEMPLE,**

    Plaintiff,

v.                                    **Case No: 19-CV001122 (WMW/LIB)**

**CITY OF BELLE PLAINE, MINNESOTA**;
etc., *et al.*,

    Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST DEFENDANT CITY OF BELLE PLAINE ON COUNT II OF THE COMPLAINT**

Plaintiff, The Satanic Temple, by and through its undersigned attorneys, hereby files this Memorandum of Law in Support of its Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) against the City of Belle Plaine (hereinafter "Belle Plaine") as to Count II of the Complaint.

## I. FACTUAL BACKGROUND

The following facts, with reference to the applicable paragraph in the Complaint and, correspondingly the Answer, have been admitted or not materially disputed:

1. Plaintiff The Satanic Temple is a duly recognized and organized church or religious organization. Complaint para. 4.

2. In August 2016, a statue depicting a kneeling soldier before a Christian cross, known locally as "Joe", was erected by the Belle Plaine Veterans Club and placed in Veterans Memorial Park, a Belle Plaine public park. Complaint para. 27.

3.  The "Joe" memorial display was removed six (6) months later after Belle Plaine was threatened with litigation to remove the display on public property because it allegedly violated the Establishment Clause of the First Amendment. Complaint para. 28.

4.  In response, on February 2, 2017, the Belle Plaine City Council, by a vote of 3-1, enacted Resolution 17-020, attached to the Complaint as Exhibit "1", (hereinafter "enacting Resolution") entitled: "ESTABLISHING A POLICY REGARDING A LIMITED PUBLIC FORUM IN VETERANS MEMORIAL PARK.". Complaint para. 13.

5.  Among other things, the enacting Resolution explained in "WHEREAS" clauses that "the Council wishes to allow private parties access to Veterans Memorial Park for the purpose of erecting displays keeping with the purpose of honoring and memorializing veterans;" and, that "the Council now desires to adopt this formal, written policy to codify the procedure for private parties to recognize, honor, and memorialize veterans by erecting displays at Veterans Memorial Park." See Complaint Exhibit "1". Complaint para. 13.

6.  On April 8, 2017, the Belle Plaine Veterans Club's "Joe" memorial display soldier and Christian cross were again erected and placed on display in the limited public forum of Belle Plaine Veterans Memorial Park, pursuant to the enacting resolution, Resolution 17-020. Complaint para. 28.

7.  In reasonable reliance on the enacting Resolution, Plaintiff submitted an application on February 23, 2017, to erect a Veterans Memorial display in conformity with Belle Plaine's multiple requirements. Complaint para. 29.

8.  Plaintiff's proposed design for the Satanic Temple's Veterans Memorial Monument included a plaque reading: "In honor of Belle Plaine veterans who fought to defend the

United States and its Constitution". Plaintiff's design for the Satanic Temple's Veterans Memorial Monument was approved by Belle Plaine and is attached to the Complaint as Exhibit "3". Complaint para. 29.

9. Plaintiff's permit to construct and erect the approved The Satanic Temple's Veterans Memorial display for one year was approved on March 29, 2017, by City Administrator Michael J. Votca, as permit number LPF 17-02, attached to the Complaint as Exhibit "2". Complaint para. 29.

10. Permit in hand, Plaintiff commenced the design and construction of The Satanic Temple's Veterans Memorial display. Plaintiff expended substantial sums in the design and construction of The Satanic Temple's Veterans Memorial display and also purchased Belle Plaine's required ONE MILLION DOLLARS ($1,000,000.00) per occurrence liability insurance policy. See Exhibit "4". Complaint para. 30.

11. On June 29, 2017, Plaintiff informed the Belle Plaine City Administrator that its Veteran's Memorial Monument was complete, presented the certificate of insurance and asked to schedule its installation. Complaint para. 30.

12. On July 17, 2018, before The Satanic Temple's Veterans Memorial could be installed, Defendants voted unanimously to pass Resolution 17-090 (hereinafter "Rescission Resolution"), that rescinded Resolution 17-020, that resulted in the rescission or revocation of Plaintiff's display permit . to install The Satanic Temple's Veterans Memorial. A copy of the Rescission Resolution 17-090 is attached to the Complaint as Exhibit "5". Complaint para. 31.

13.     Prior to July 17, 2017, Belle Plaine had approved two (2) permits to place displays within the limited public forum of Veterans Memorial Park pursuant to Belle Plaine City Council Resolution 17-020: the Belle Plaine Veterans Club's permit number LPF 17-01 effective on March 29, 2017; and, Plaintiff's permit number LPF 17-02 effective on March 29, 2017. The City marked the limited public forum in Veterans Memorial Park by April 3, 2017. The Belle Plaine Veterans Club installed its Soldier Display ("Joe") in April 2017, and removed it in July 2017, prior to the enactment of Resolution 17-090. and Plaintiff had no opportunity to install its display before the Rescission. Complaint para. 32.

14.     During the approximately 100 days that the Belle Plaine Veterans Club's Veterans Memorial display, "Joe", was erected in what became the Belle Plaine Veterans Memorial Park public park's limited public forum, there had been no vandalism; there had been no safety problems; there had been no complaints that the display was impairing the serenity and decorum of the Park; there was no evidence that administering the limited public forum was burdening City staff and law enforcement; and, there were no complaints that the limited public forum was negatively impacting the public's health, safety and welfare. Complaint para. 33.

15.     The day after the Rescission Resolution, on July 18, 2018, Defendants, including Belle Plaine, issued an official Press Release explaining the reasons for its revocation of Plaintiff's one-year display permit in a "Statement from the City of Belle Plaine" (hereinafter "("Press Release"). The Press Release is attached hereto as Exhibit "A".

16. Conclusive of this Motion for Judgment on the Pleadings and the relief requested herein, is the undisputed fact that both Plaintiff and Defendants, notably Defendant Belle Plaine, all affirm and agree that the Press Release speaks for itself. Complaint para. 41.

17. Contemporary with the City Council's vote, the Press Release clearly and unambiguously affirms that the Rescission Resolution and revocation of Plaintiff's permit was adopted because it had sparked free speech debate and controversy and generated community divisiveness, things that Defendant Belle Plaine feared portrayed the city in a negative light. See Exhibit "A", attached; Complaint para. 41.

18. The Press Release made no reference to vandalism, concerns about safety, burdening City staff or law enforcement, or impairing public health or welfare. See Exhibit "A", attached; Complaint para. 41.

19. At the time of the Rescission Resolution, the only active permit for installing a display was Plaintiff's. A permit previously issued to Belle Plaine's Veterans Club had been abandoned on July 14, 2017, prior to the rescission Resolution. Complaint paragraph 32; Answer paragraph 32. The Press Release is reproduced in full below, and attached hereto as Exhibit "A":

**Press Release**

**07/18/17 Statement from the City of Belle Plaine**

**Last night, the Belle Plaine City Council voted to rescind a resolution enacted in February, 2017, that allowed individuals or organizations to place and maintain privately-owned displays in a designated space of the city-owned Veterans Memorial Park**

**As called-for in the resolution, owners of all privately-owned Park displays currently located in the Park's designated space are now being**

**given 10 days' notice to remove the displays.  Our local veterans organizations are supportive of this action.**

**The original intent of providing the public space was to recognize those who have bravely contributed to defending our nation through their military service. In recent weeks and months, though, that intent has been overshadowed** *by freedom of speech concerns expressed by both religious and non-religious communities.*

*The debate between those communities has drawn significant regional and national attention to our city, and has promoted divisiveness among our own residents.*

*While this debate has a place in a public dialogue, it has detracted from our city's original intent of designating a space solely for the purpose of honoring and memorializing military veterans, and has also portrayed our city in a negative light).*

*Therefore, the Council believes that it is in the best interests of our Belle Plaine community to rescind the resolution, and bring this divisive matter to closure.* (**Emphasis supplied**).

## II. ARGUMENT

### A. Standard of Review

When reviewing Rule 12(c) motions for judgment on the pleadings, courts "accept as true all facts [pled] by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)); see also *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

A court may enter judgment on the pleadings where, as here, no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.

*Faibisch*, 304 F.3d at 803. In that regard, courts apply the same standards to analyze a Motion for Judgment on the Pleadings pursuant to Fed. Rf. Civ. P. Rule 12(c) as they do for failure to state a claim pursuant to Rule 12(b)(6). *See, e.g., In re Levaquin Prods. Liab. Litig.*, 752 F. Supp. 2d 1071, 1076 (D. Minn. 2010); *see also, In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) ("As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss." (quoting *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233, n.3 (8th Cir. 2010))).

Judgment on the pleadings is appropriate only where the moving party has clearly established that no material issue of fact remains, and the moving party is entitled to judgment as a matter of law. See *National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir.), *cert. denied*, (quoting *Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters*, 627 F.2d 853, 855 (8th Cir.1980)). All facts pled by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. *National Car Rental Sys., Inc*., 991 F.2d at 428.

Defendant Belle Plaine has no plausible defense to Count II by its own admission that the permit was Rescinded based upon the controversial nature of Plaintiff's speech in violation of the First Amendment. Accordingly, entry of Judgment on the Pleadings is proper.

B. **Defendant Belle Plaine Has Violated The Satanic Temple's First Amendment Rights by Censoring Plaintiff's Speech Based Solely Upon Content**

Belle Plaine's Press Release admitted that it rescinded the February 2017 resolution because the authorized Veterans Park displays had (1) provoked debate between religious and non-religious communities; (2) promoted divisiveness among Belle Plaine residents; (3) did more than simply honor and memorialize military veterans; and, (4) portrayed the city in a negative light. For these reasons, the City's Press Release, attached hereto as Exhibit "A", confirms that the Rescission Resolution was passed to end the community divisiveness and controversy created by the displays. The City's stated reasons for suppressing Plaintiff's free speech, whether considered individually or collectively, do not pass constitutional muster.

There are no material facts in dispute relating to Plaintiff's First Amendment claim against the City. Defendant Belle Plaine's admitted reasons for Rescinding the Resolution are content based censorship of free speech that violate The Satanic Temples' First Amendment rights. Plaintiff is entitled to judgment as a matter of law.

The First Amendment categorically prohibits a "heckler's veto" over controversial or divisive or even inflammatory speech. In *Terminiello v. City of Chicago*, 337 U.S. 1, 4-5 (1949), the Court stressed that free speech is vital because it stimulates controversy or even anger:

> The right to speak freely and to promote diversity of ideas and programs is therefore one of the chief distinctions that sets us apart from totalitarian regimes. Accordingly, a function of free speech under our system of government is to invite dispute. It may indeed best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger. Speech is often provocative and

challenging. It may strike at prejudices and preconceptions and have profound unsettling effects as it presses for acceptance of an idea. That is why freedom of speech, though not absolute, *Chaplinsky v. New Hampshire, supra,* 315 U.S. [568] at pp. 571-572, is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest. *See Bridges v. California,* 314 U. S. 252 [1941] [citations omitted]; *Craig v. Harney,* 331 U. S. 367, 373 [1947] [citations omitted]. There is no room under our Constitution for a more restrictive view. For the alternative would lead to standardization of ideas either by legislatures, courts, or dominant political or community groups.

In *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 134 (1992), the Court was equally emphatic and categorical in prohibiting suppression of speech to avoid controversy:

[R]eaction to speech is not a content-neutral basis for regulation [Citations omitted]. Speech cannot be financially burdened, any more than it can be punished or banned, simply because it might offend a hostile mob. [Citations omitted]. This Court has held time and again: 'Regulations which permit the Government to discriminate on the basis of the content of the message cannot be tolerated under the First Amendment.'" [Citations omitted].

More recently in *Matal v. Tam*, 582 U.S. ___ ,137 S. Ct. 1744, 1763, 198 L. Ed. 2d 36 (2017), which struck down on First Amendment grounds the denial of the trademarking of the band name "The Slants", the Court reaffirmed that government is absolutely barred from suppressing speech because it is disagreeable, offensive, or controversial:

We have said time and again that 'the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers.' *Street v. New York*, 394 U.S. 576, 592 (1969); *see also Texas v. Johnson*, 491 U. S. 397, 414 (1989) ("If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable"); *Hustler Magazine, Inc. v. Falwell*, 485 U. S. 46, 55–56 (1988); *Coates v. Cincinnati*, 402 U. S. 611, 615 (1971); *Bachellar v.*

*Maryland*, 397 U. S. 564, 567 (1970); *Tinker v. Des Moines Independent Community School Dist.*, 393 U. S. 503, 509–514 (1969); Cox v. Louisiana, 379 U. S. 536, 551 (1965); Edwards v. South Carolina, 372 U. S. 229, 237–238 (1963); *Terminiello v. Chicago*, 337 U. S. at 4–5; *Cantwell v. Connecticut*, 310 U. S. 296, 311 (1940); *Schneider v. State (Town of Irvington)*, 308 U. S. 147, 161 (1939); *De Jonge v. Oregon*, 299 U. S. 353, 365 (1937)."

This past summer the Supreme Court reiterated in *Iancu v. Brunetti*, __ U.S. __, 139 S.Ct. 2294, 2299, 204 L.Ed.2d 714 (June 24, 2019) the "'bedrock First Amendment principle' that the government cannot discriminate against ideas that offend."

This District recognized that in cases such as the case *sub judice,* an undifferentiated fear of disturbance from unpopular speech is not sufficient to override fundamental freedoms enshrined in the First Amendment.  The District Court elaborated in *Westley v. Rossi*, 305 F.Supp. 706 ,711 (D. Minn. 1969):

> Any word spoken … that deviates from the views of another person, may start an argument or cause a disturbance. But our Constitution says we must take this risk, *Terminiello v. City of Chicago*, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed 1131 (1959)[sic] and our history says that it is this sort of hazardous freedom - this kind of openness - that is the basis of our national strength and of the independence and vigor of Americans who grow up and live in this relatively permissive, often disputatious society.

Plaintiff will not burden the Court with additional citations supporting a free speech principle as deeply rooted as the Constitution itself.

Finally, there can be no dispute that the Veterans Memorial Park is a public forum where speech may not be suppressed based upon viewpoint restriction to avoid controversy.  Justice Owen Roberts explained in *Hague v. C.I.O.*, 307 U.S. 496, 515 (1939):

> Wherever the title of streets and parks may rest, they have immemorially been held in trust for the use of the people and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions. Such use of the streets and public places has, from ancient times, been a part of the privileges, immunities, rights, and liberties of citizens."

See also *Jankowski v. City of Duluth*, Civil No. 11–3392, 2011 WL 7656906, * 4-8 (D. Minn. Dec. 20, 2011) (Brisbois, Leo, M.J.).

The undisputed and admitted facts in this case clearly show that Belle Plaine, through the actions of the individual Defendants, rescinded an earlier Resolution authorizing Plaintiff to erect a respectful display in a public park honoring veterans for one (1) year. Belle Plaine explained in the contemporary or July 18, 2017, Press Release that its motive, intent, or purpose in denying The Satanic Temple's right to freedom of speech and expression through its veteran's monument was to end community controversy and divisiveness that The Satanic Temple's had provoked and to terminate public debate that portrayed the City in a negative light. The City's stated ends are constitutionally illicit under the First Amendment. Belle Plaine has no plausible defense as a matter of law. Defendant Belle Plaine has not stated any affirmative defenses that would forestall granting this Motion for Judgment on the Pleadings.

The Press Release amplified that *"the Council believes that it is in the best interests of our Belle Plaine community to rescind the resolution, and bring this divisive matter to closure."* (Italics supplied). A copy of the official press release referenced in the Complaint and Answer is appended as Exhibit 1. See also paragraph 41 of the Complaint;

and, paragraph 41 of Defendant's Answer stating, "the press release itself best reflects its terms."

The Press Release was purposefully written and conclusively proves the unconstitutional motives and anti-free speech policies of Belle Plaine targeting Plaintiff.. It was not an offhand or impulsive oral remark of a Council member ambuscaded by the media. The Press Release made no claim that Plaintiff's display constituted "fighting words," was defamatory, solicited crime, or would have violated a legitimate time, place, or manner limitation for speech in a public park. Belle Plaine makes no claim that the Press Release is inauthentic, was unauthorized, or contains inadvertent or even scrivener's errors. Quite the opposite, Belle Plaine embraces and adopts the anti-free speech language in the Press Release. See Answer, paragraph 41. Belle Plaine has not repudiated or disavowed a single word explaining its constitutionally illicit motivation for the rescission of Plaintiff's permit and the resultant suppression of Plaintiff's First Amendment rights.

### III.   CONCLUSION

Defendant Belle Plaine openly admits in its Answer, affirming the Press Release in paragraph 41, that it has violated Plaintiff The Satanic Temple's free speech and association rights under the First Amendment through the equivalent of a "heckler's veto" or viewpoint or content-based censorship that has uniformly been found unconstitutional and violative of the First Amendment. No material issue of fact is in dispute. Plaintiff is entitled to judgment as a matter of law on Count II in favor of Plaintiff and against

Defendant City of Belle Plaine, along with such other and further relief as is deemed just and proper.

Respectfully submitted this 31st day of December 2019.

                **PETER J. NICKITAS LAW OFFICE**

                */s/ Peter J. Nickitas*
                Peter J. Nickitas MN #212313
                Attorney for the Plaintiff
                431 S. 7th St., Suite 2446
                Minneapolis, MN 55415
                651.238.3445(D)/FAX 1.888.389.7890
                Email: *peterjnickitaslawllc@gmail.com*

                */s/ W. Bruce DelValle*
                Bruce Fein, Esquire
                *Admitted pro hac vice*
                W. Bruce DelValle, Esquire
                *Admitted pro hac vice*
                **FEIN & DELVALLE PLLC**
                300 New Jersey Avenue NW, Suite 900
                Washington, D.C. 20001
                Tele: (202) 465-8729/ Fax: (202) 347-0130
                Email: *bruce@feinpoints.com*
                *brucedelvalle@gmail.com*

                *Counsel for Plaintiff.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2019, a copy of the foregoing Plaintiff The Satanic Temple's Motion for Judgment on the Pleadings in **Case No: 19-CV001122 (WMW/LIB)** was provided to all counsel of record via electronic delivery pursuant to agreement of counsel.

                */s/ W. Bruce DelValle*
                W. Bruce DelValle, Esquire.
                *Admitted pro hac vice*
                **FEIN & DELVALLE PLLC**