## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **THE SATANIC TEMPLE, INC.** | **Case No. 19-CV-01122 (WMW/LIB)** |
| PLAINTIFF, | |
| v. | **PLAINTIFF'S MOTION TO STRIKE THE DECLARATIONS OF MONTE MILLS AND DAWN MEYER** |
| **CITY OF BELLE PLAINE, MN** | |
| DEFENDANT. | |

### INTRODUCTION

**COMES NOW** Plaintiff, by and through counsel of record, on motion to strike the declarations of Monte Mills (Doc. 84) and Dawn Meyer (Doc. 96) which the City filed in support of its motion for summary judgment (Doc. 83). FRCP 12(f). Undersigned counsel are mindful that there are a number of motions at issue in the upcoming April 27 hearing, but the objection in the response to the motion for summary judgment is insufficient to preserve the issue of Meyer's declaration for appellate review; a timely motion to strike is necessary. Williams v. Evangelical Ret. Homes of Greater St. Louis, 594 F.2d 701, 703 (8th Cir. 1979).

As objected to in § 1 of TST's response (Doc. 94), Mills's declaration fails to affirmatively show that the affiant is competent to testify to the matters stated. Meyer's declaration fails for the same reason and also fails to even offer conclusory allegations on the records custodian elements.

Further, Meyer's declaration was attached to a reply brief. This is improper under both the federal rules and the local rules. Because TST has no mechanism to respond to Meyer's declaration (there is no surreply provided for), prejudice is self-apparent. Further, TST was

prohibited from inquiring of Meyer into the subject matter of these documents.  The City is engaging in trial by ambush.  The declarations must be struck and the exhibits ignored as rank hearsay.

Accordingly, Plaintiff respectfully requests that the Court strike the declarations of Monte Mills (Doc. 84) and Dawn Meyer (Doc. 96); or at the very least, grant Plaintiff a meaningful deposition of Dawn Meyer, which will afford TST the opportunity to inquire about the substance of the declarations.

## BACKGROUND

Plaintiff took the deposition of Dawn Meyer on February 8, 2021.  See **Exhibit 1** (Deposition of Dawn Meyer).  During the deposition, the City's counsel repeatedly refused to allow Meyer to answer questions related to the City's meetings, including at:

a. Meyer Dep. 13:19-25

> Q.  There was a June meeting where a priest came in and objected to TST's application, wasn't there?
>
> MR. MILLS: Objection:  This is beyond the scope of the deposition.  There are five topics listed.  The original -- Well, I'll just stop there for now.  This is beyond the scope.

b. Meyer Dep. 15:18-21

> Q.  So there was a meeting in July that the City hosted about TST's monument; isn't that the case?
>
> MR. MILLS: Objection. This is beyond the scope of the deposition –

c. Meyer Dep. 16:20-25; 17:1-9

> Q. Okay. Did you, in fact, set up that workshop session?

A. There was no council workshop scheduled on July 10th.

Q. Okay. So you responded that you'll work on getting it set up and posted. We see this on Exhibit 7, right?

MR. MILLS: Objection: This is beyond the scope.

MR. KEZHAYA: This is meetings, Monte. I've heard your objection. Please answer the question.

MR. MILLS: This is beyond – Meetings constituting the internal decision making about plaintiff's request.

On February 5, 2021–three days before the deposition–the City filed its motion for summary judgment. (Doc. 83). As support, the City included a declaration for Monte Mills. (Doc. 84). The Declaration of Monte Mills offered a conclusory allegation that it is founded on personal knowledge, yet failed to explain how Mills has personal knowledge of, e.g., the Enacting Resolution, the 2017 Permit, the City's memorandum drafted by Mike Votca, or any of the documents created by the City. TST objected by raising this issue. (Doc. 83) at § 1.

On March 5, 2021, Defendant filed a reply brief to support its motion for summary judgment, and included the Meyer Declaration in support. (Doc. 96). Meyer's Declaration purports to lay a foundation to authenticate the City's records related to the City Meetings, which the City had refused TST an opportunity to discover during the deposition. (Doc. 96, at ¶ 3); compare Meyer Dep. 13:19-25, 15:18-21, 16:20-25, and 17:19. TST was categorically barred from discovery about this topic, and yet now this information is being improperly attached to a reply brief supporting a dispositive motion. The Court should strike the declaration.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 56(e)(1) provides that '[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated' . . . an affidavit which fails to meet any of the three requirements is subject to a motion to strike." *City of Shawnee, Kan. v. Argonaut Ins. Co.*, 546 F.Supp.2d 1163, 1177 (D. Kan. 2008)(cited by *Federal Insurance Company v. Sammons Financial Group, Inc.*, 2014 WL 11514685, at *2 (S.D. Iowa 2014)); accord, *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir. 1972)("Affidavits in support of summary judgment must be made on personal knowledge and contain admissible evidence…Where an affidavit does not meet this standard, it is subject to a motion to strike")); see also *Postscript Enterprises v. City of Bridgeton*, 905 F.2d 223, 226 (8th Cir. 1990); FRCP 56(c)(4).

"As our Court of Appeals has observed, [t]he purpose of our modern discovery procedure is to narrow the issues, *to eliminate surprise,* and to achieve substantial justice.'" *In re Potash Antitrust Litigation*, 1996 WL 757185, at *5 (D. Minn. 1996)(quoting *Mawby v. United States,* 999 F.2d 1252, 1254 (8th Cir. 1993)(emphasis original)). Thus, "[u]nder FRCP 26(a)(1) each party must, without waiting for a discovery request, provide to the other party 'the name ... of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses.'" *Disability Support Alliance v. Heartwood Enterprises*, LLC, 2016 WL 740411, at *2 (D. Minn. 2016). The "[f]ailure to disclose in a timely manner is equivalent to failure to disclose." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018) And, "[w]here a party fails to make

such a disclosure or to supplement an earlier response, it may not 'supply [that] evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or is harmless.'" *Disability Support Alliance*, 2016 WL 740411, at *2 (quoting Fed. R. Civ. P. 37(c)(1)).

"The district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case," when a party violates a procedural discovery rule. *Johnson v. J. B. Hunt Transport, Inc.*, 2013 WL 6731935, at *8 (D. Minn. 2013). "The Court considers four factors to determine whether exclusion is warranted: (1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the material to be used ..., and (4) the availability of a continuance to cure such prejudice." *Insignia Systems, Inc. v. News America Marketing In-Store, Inc.,* 661 F.Supp.2d 1039, 1052–53 (D. Minn. 2009)(internal citations and quotations omitted). An untimely disclosure may not be prejudicial to an objecting party where the prejudice can "be cured in argument in its reply brief." *Sipe v. Fleetwood Motor Homes of Pennsylvania*, 2008 WL 11463568, at *3 (D.Minn. 2008) But, it would be an abuse discretion to "not afford[] [an objecting party] an opportunity to rebut the evidence," which was untimely disclosed. *Mawby v. U.S.*, 999 F.2d 1252, 1254 (8th Cir. 1993).

Both FRCP 6 and LR 7.1 require, that "any affidavits and exhibits" be filed with the original motion.  LR 7.1(c)(1)(D); see also FRCP 6(c)(2) and 4B Fed. Prac. & Proc. Civ. § 1170 (4th ed.) ("The party's affidavits must be served *with the motion*") (emphasis added).

## ARGUMENT

**1: The declarations should be struck because they fail to lay a foundation.**

The primary reason to strike both declarations is that they fail to lay a foundation.  As addressed in *Postscript*, a declaration cannot offer merely conclusory statements, but must affirmatively show that that affiant is competent to testify.  *Postscript*, 905 F.2d at 226.  There, the affidavit was deficient because it consisted "only of conclusory statements from its [a party's] attorney."  Id.; see also and Arkansas-Best Freight Sys., Inc. v. Youngblood, 61 F.R.D. 565, 569 (W.D. Ark. 1974) (same); see also John H. Garvey, The Attorney's Affidavit in Litigation Proceedings 31 Stan. L. Rev. 191 (1979).

### 1.1: Mills's declaration does not offer a foundation and should be struck.

Mills's declaration fails to lay a foundation.  Just as in *Postscript*, it offers only conclusory statements from a party's attorney.  Clearly, the matters in the declaration of the City's counsel are not within Mills's personal knowledge. Williams v. Natkin & Co., 508 F. Supp. 1017, 1019 (E.D. Ark. 1981) (refusing to consider an attorney's affidavit because "Clearly, the matter in the affidavit of plaintiff's counsel is not within his personal knowledge")

### 1.2: Meyer's declaration does not offer a foundation and should be struck.

#### 1.2.1: No personal knowledge

Meyer's declaration is deficient for the same reason as Mills's.  Her declaration offers the bare conclusory allegation that "I make and submit this declaration based on my personal knowledge during all relevant times of the matters stated herein."  Doc. 96 at ¶ 1.  The sole attachment to Meyer's declaration is a document purporting to be meeting minutes for the

City's February 6, 2017 session.  Doc. 96-1.  The ostensible basis for her personal knowledge is that she *is* the City Administrator for Belle Plaine.  Id.  The problem is that Meyer was not the City Administrator on February 6, 2017; that was Mike Votca.  See Meyer Dep. at 7:12-15. Because Meyer's declaration fails to explain how she has personal knowledge of the affairs of the City from before her time as the City Administrator, Meyer's declaration fails to affirmatively show that she has personal knowledge of the matters asserted.

### 1.2.2: It is not a record custodian affidavit, either.

Meyer's declaration also fails to lay a foundation as a records custodian affidavit.  Meyer's declaration purports to lay a foundation of various documents drafted by Mike Votca or otherwise prepared by or for the City.  See Doc. 96 at pp. 2-3 (Exhibits no. 35-45).  The problem is that Meyer's declaration only offers a bare conclusion that "When the City provided copies of documents to its legal counsel, the City conveyed that such documents are true and correct copies of the City's records."  Decl. Meyer at ¶ 2.

Business records affidavits must meet certain requirements before the records are removed from the rule against hearsay.  See FRE 803(6):

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity; [and]
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification[.]

Meyer's declaration fails to offer even conclusory allegations about the above factual predicates.  Meyer's declaration does not say that anyone in the City regularly creates, reviews

or maintains the documents contained within her declaration.  The Meyer declaration does not state that Meyer has personal knowledge of the process used to create or maintain the records. The Meyer declaration does not even state that Meyer has personal knowledge of the person responsible for creating or maintaining the record.

The declaration must show affirmatively that the affiant is competent to testify to the matters stated.  *Postscript Enterprises v. City of Bridgeton*, 905 F.2d 223, 226 (8th Cir. 1990); FRCP 56(c)(4). Because it does not affirmatively show that Meyer is competent to attest to the above factual predicates, the declaration must be struck.  The City's Exhibits 35-45 are still rank hearsay, see FRE 801, and the Court should decline to consider them in considering the City's motion for summary judgment.

## 2: The Meyer declaration is untimely and should be struck.

The Meyer declaration should also be struck because it was attached to the reply.  See FRCP 6(c)(2) and LR 7.1(c)(1)(D).  The Rules clearly and explicitly require the attachment of "any affidavits and exhibits" to the motion, not to the reply brief.  Cf. LR 7.1(c)(3)(A)(i) (permitting a reply memorandum, not affidavits and exhibits); see also 4B Fed. Prac. & Proc. Civ. § 1170 (4th ed.) ("The party's affidavits must be served *with the motion*") (emphasis added).

As this Court stated in *In re Potash,* 1996 WL 757185, at *5, one of the goals of modern discovery is to eliminate surprise in discovery. The late disclosure of Ms. Meyer's testimony, with no opportunity to rebut or inquire into the same, is in contravention of the rules of discovery and creates a surprise scenario in which Plaintiff is forced to challenge conclusory statements without the opportunity to examine the source of the statements, or provide

evidence that clearly counters those aversions. The City cannot be allowed to use the Declaration of Dawn Meyer to support its dispositive motion, while at the same time avoiding any inquiry or scrutiny into the veracity of the statements.

The goal of these rules are clear: to ensure that parties opposing a dispositive motion are given the fair opportunity to rebut any evidence the proponent of the motion relies upon. By attaching new evidence and declarations that were not subject to a response by Plaintiff or even questioning at deposition, the opponent of a dispositive motion is left with no opportunity to respond to those evidentiary claims. See also LR 7.1 (there is no mechanism for a surreply).

Here, the City is not only failing to lay a proper foundation for documents that Ms. Meyer did not author, it is failing to *timely* lay a proper foundation. By attaching a declaration to its reply briefs, the City has precluded TST from its right to challenge the veracity and foundation of the declarations and their contents. This is exactly the kind of improper presentation of evidence that the discovery rules are in place to prevent, and accordingly, the declaration should be struck.

<u>**CONCLUSION**</u>

**WHEREFORE** TST prays this Court strikes the declarations of Mills and Meyer.

Respectfully submitted on April 13, 2021

**KEZHAYA LAW, PLC**

*/s/ Matthew A. Kezhaya*
Matthew A. Kezhaya, Esq. ABA # 2014161
Kezhaya Law PLC
1202 NE McClain Rd
Bentonville, AR 72712
p: (479) 431-6112
f: (479) 282-2892
e: matt@kezhaya.law

**ROBERT R. HOPPER & ASSOCIATES, L.L.C.**

*/s/ Jason S. Juran*
Jason S. Juran, Esq. (#397935)
Robert R. Hopper, Esq. (#208760)
333 South 7th Street, Suite 2450
Minneapolis, MN 55402
T: (612) 455-2199
E: jason.juran@robertrhopper.com
E: robert.hopper@robertrhopper.com

**ATTORNEYS FOR PLAINTIFF**